# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF MIDDLESEX, OCTOBER TERM 1853, AT
CAMBRIDGE.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

---

WILLIAM P. WEBSTER *vs.* ELIAS S. FRENCH & others.

Magistrates have no jurisdiction to discharge a poor debtor under Rev. Sts. c. 98,
unless such debtor in his application represents in substance that he is unable to
pay the debt upon which he is committed.

THIS action was upon a prison bond given under Rev. Sts.
c. 98, § 63, to which the defendants pleaded a discharge of
French, the principal obligor, by taking the poor debtors' oath.
The plaintiff denied the validity of the discharge, because of a
defect in the representation by the debtor, which was the
foundation of the proceedings. The representation was as
follows: " To E. A. Alger, Esq. one of the justices of the peace
within and for the county of Middlesex, and commonwealth

of Massachusetts: I, Samuel Meserve, of Lowell, in said county, in behalf of Elias S. French, of Lowell, in said county, who has been committed to jail in said Lowell, on an execution against him, and in favor of William P. Webster, of said Lowell, issued from the court of common pleas on a judgment rendered in said court, holden at Lowell, in said county, on the first Monday of September last, to wit, on the 11th day of October, 1850, for the sum of seventy dollars damage, and five dollars and seven cents costs of suit, dated the 18th day of February, 1851, do hereby give you notice in writing, that the said French is desirous to take the oath prescribed in the ninety-eighth chapter of the Revised Statutes, for the "relief of poor debtors committed on execution for debt;" and you are hereby requested forthwith to appoint a time and place for the examination of said French, and to issue a notice thereof to the said William P. Webster, by a citation under your hand. Dated at Lowell, this 28th day of April, 1851. Samuel Meserve."

The presiding judge in the court of common pleas ruled that this representation was not sufficient to authorize the proceedings discharging the debtor, and directed a verdict for the plaintiff. The defendants alleged exceptions.

*R. B. Caverly,* for the defendants.

*B. F. Butler,* for the plaintiff.

DEWEY, J. It is well settled that any irregularity in the preliminary proceedings may be shown to avoid the discharge of a debtor committed on execution, upon taking the poor debtors' oath under the provisions of the Rev. Sts. *c.* 98. By the first section of this act, it is provided "that when any person who is committed on execution for debt, shall represent to the jailer that he is unable to pay the debt for which he is imprisoned, and is desirous to take the benefit of the law for the relief of poor debtors, the jailer shall make known the same to some justice of the peace." The entire proceedings in this case being before us, it is at once seen that the representation of the debtor which is the foundation for all the subsequent proceedings, was not conformable to the statute. It does not appear that the debtor represented to the

26*

jailer that he was unable to pay the debt for which he was imprisoned. This allegation must be substantially made. It need not be in the precise words of the statute, but it must be language equivalent to it. The only representation here made was that the debtor was desirous of taking the oath prescribed in chapter ninety-eight of the Revised Statutes.

Upon this ground the court are of opinion that the prelimi-nary proceedings were defective, and the discharge was invalid. *Exceptions overruled.*